IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMS STAFF LEASING, NA, LTD.,           §
                                       §
     Plaintiff-counterdefendant,       §
                                       §
VS.                                    §
                                       §
ASSOCIATED CONTRACT                    §
TRUCKMEN, INC., et al.,                §
                                       §
     Defendants-                       §   Civil Action No. 3:04-CV-1344-D
     counterplaintiffs-                §
     third-party plaintiffs,           §
                                       §
VS.                                    §
                                       §
PACESETTER NATIONAL                    §
CORPORATION d/b/a PACESETTER           §
ADJUSTMENT COMPANY,                    §
                                       §
     Third-party defendant.            §

MEMORANDUM OPINION
AND ORDER

     Plaintiff AMS Staff Leasing, NA ("AMS") moves for summary
judgment as to the remaining two components of defendant Dave
Brandert's ("Brandert's") fraud counterclaim and for leave to file
an amended reply to defendants' counterclaims.  For the reasons
that follow, the court grants the motion for summary judgment and
grants in part and denies in part as moot the motion for leave to
file an amended reply.

I

     This lawsuit is the subject of two prior memorandum opinions
and orders of the court.  *See AMS Staff Leasing, NA v. Associated
Contract Truckmen, Inc.*, 2006 WL 1096777 (N.D. Tex. Apr. 26, 2006)

(Fitzwater, J.) ("*AMS II*"); *AMS Staff Leasing, NA v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) ("*AMS I*").   The court assumes the parties' familiarity with facts and procedural histories set out in these opinions and rulings, and it adds as necessary factual discussions that view the evidence favorably to Brandert as the summary judgment nonmovant and draw all reasonable inferences in his favor.[1]

In *AMS I* the court, *inter alia*, granted AMS's motion for summary judgment as to AMS's breach of contract claim against defendant Associated Contract Truckmen ("ACT"),[2] ACT's and Brandert's breach of contract counterclaims, ACT's fraud counterclaim, and two of four grounds of Brandert's fraud counterclaim.   *See AMS I*, 2005 WL 3148284, at *7, *9-*10.   The court denied AMS's motion as to its claims against ACT and Brandert for fraud, fraudulent inducement, and negligent misrepresentation,

---

[1]*AMS I* recounted the evidence in a light favorable to Associated Contract Truckmen ("ACT") and Brandert as the summary judgment nonmovants and drew all reasonable inferences in their favor.   *See AMS I*, 2005 WL 314284, at *1 n.5 (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).   *AMS II* viewed the facts and drew all reasonable inferences in favor of AMS because it was the nonmovant with respect to defendants' summary judgment motion. *AMS II*, 2006 WL 1096777, at *1 n.2.   Because Brandert is the nonmovant again in the context of AMS's summary judgment motion, the court views the evidence and draws all reasonable inferences in his favor, except to the extent he is bound by deemed admissions.

[2]The court held that AMS did not assert a breach of contract action against Brandert.   *See AMS I*, 2005 WL 3148284, at *6.

and it denied summary judgment as to two of four grounds for Brandert's fraud counterclaim. *Id.* at *8-*10.  In *AMS II* the court, *inter alia*, granted ACT and Brandert's motion for partial summary judgment, dismissing AMS's remaining claims.  *AMS II*, 2006 WL 10976777, at *3-*6.[3]  From the standpoint of AMS's affirmative claims, only the remedial portion of its breach of contract claim against ACT remains to be litigated.

Following these decisions, only two grounds of Brandert's fraud counterclaim remained, *id.* at *6, and the court granted AMS's motion for leave to file a second summary judgment motion, *id.* at *7 (citing N.D. Tex. Civ. R. 56.2(b)).  AMS now moves for summary judgment as to the remaining two components of Brandert's fraud counterclaim[4] and also moves for leave to file an amended reply to defendants' counterclaims.

---

[3]The third-party action of ACT and Brandert against Pacesetter National Corporation d/b/a Pacesetter Adjustment Company was dismissed on December 14, 2005.  *See AMS II*, 2006 WL 1096777, at *1 n.4.

[4]In conjunction with its reply brief, AMS has filed on June 28, 2006 a supplemental appendix.  Because AMS did not first obtain leave of court to file the appendix, the court has not considered it in deciding AMS's summary judgment motion.  *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that party may not file summary judgment reply appendix without first obtaining leave of court).

II

The court first considers AMS's motion for summary judgment on the two remaining components of Brandert's fraud counterclaim.[5]

A

To establish a claim for fraud under Texas law, Brandert must prove that AMS

> (1) made a material representation, (2) that was false when made, (3) [AMS] knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion, (4) [AMS] made the representation with the intent that [Brandert] should act upon it, and (5) [Brandert] acted in reliance upon it and suffered injury as a result.

*AMS II*, 2006 WL 1096777, at *2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002) (Fitzwater, J.)).  Because AMS will not have the burden at trial as to Brandert's fraud counterclaim, it can obtain summary judgment by pointing the court to the absence of evidence to support it. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  If AMS does so, Brandert must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See id*. at 324;

---

[5]Brandert and AMS object to the opposing party's summary judgment evidence.  Because in deciding AMS's summary judgment motion the court has not considered any evidence to which Brandert or AMS objects, the court overrules the objections as moot.  In particular, Brandert's objections all relate to the declaration of Eugene Eisenmann, and the court has not relied on his declaration.  AMS's objections all relate to various correspondence and four pages of Brandert's deposition, none of which the court has relied on.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc) (per curiam).  Summary judgment is mandatory where the nonmoving party fails to meet this burden.  *Little*, 37 F.3d at 1076.

                                    B

     Brandert first alleges that AMS committed fraud when it falsely represented that ACT was a named insured under AMS's workers' compensation policy with National Fire Insurance Company of Hartford ("National Fire"), a wholly owned subsidiary of Continental Casualty Company ("CNA"), that the insurer was National Fire, and that the policy afforded limits of $1 million of coverage.  AMS has satisfied its summary judgment burden and pointed the court to the absence of evidence to support this ground of Brandert's counterclaim.  Brandert must therefore go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.[6]

     Brandert does not argue that anyone represented to him that ACT was a named insured on the policy, much less adduce evidence that AMS falsely represented that ACT was a named insured.  He has thus failed to designate specific facts showing there is a genuine issue for trial that AMS falsely represented that ACT was a named insured on the policy.  Accordingly, AMS is entitled to summary

---

[6]AMS also relies on certain Requests for Admissions to contend it is entitled to summary judgment.  The court need not address this argument.

                                   - 5 -

judgment on Brandert's first allegation of fraud.

C

In the second component of his fraud counterclaim, Brandert alleges that AMS falsely represented that the policy provided "all states coverage."  AMS appears to seek summary judgment on two grounds: first, that Brandert is precluded from establishing that AMS made this false representation and, second, that there is an absence of evidence to support fraud on this ground.

AMS maintains that Brandert's deposition testimony negates each element of this component of his fraud counterclaim.  It posits that the testimony establishes that no one at AMS "told Brandert that ACT would have all-states coverage" under the policy. As evidence, AMS identifies portions of the testimony wherein Brandert stated that specific individuals at AMS——Dave Wood, Andrew Price ("Price"), and Chris Polk ("Polk")——did not inform him that AMS would have "all states coverage."  This evidence does not, however, foreclose the possibility that another AMS representative advised Brandert that the policy provided "all states coverage."

AMS has also pointed the court to the absence of evidence to support Brandert's counterclaim.  Brandert must therefore go beyond his pleadings and designate specific facts showing there is a genuine issue for trial regarding each element of this component of his counterclaim.

Regarding     the     first     element     of     fraud——a

representation——Brandert points to his deposition testimony that Price advised him that ACT would have "all states coverage" under the policy.  D. Br. 6 (citing P. App. 101-02).  He also directs the court to his testimony that Polk told him that ACT would have "all states coverage" under the policy.  *Id.* (citing P. App. 102).[7]  Next, he contends that AMS knew the representation was false because it (and not he) had a copy of the policy, showing the states that were covered.[8]  As evidence, he points to the declaration page of the policy, which lists the covered states but does not include several non-monopolistic states.  He has thus pointed to evidence from which a reasonable trier of fact could infer that AMS falsely represented that the policy provided "all-states coverage."[9]

Brandert next posits that he acted in reliance on the

---

[7]AMS disputes that Polk had authority to bind AMS or make representations on its behalf.  Although the court assumes *arguendo* that Polk had such authority, it concludes for other reasons that AMS is entitled to summary judgment.

[8]Both parties concede that such a representation, if made, did not encompass monopolistic states that required an employer to procure workers' compensation insurance through an entity that is owned or regulated by the state government or to be self-insured.  *See* D. Br. 5; P. Br. 4.

[9]AMS appears to contend that the representation was not false because "the policy was good in 'all states' *where AMS conducted business*." P. Br. 17 (emphasis added).  Brandert alleges only that AMS falsely represented that the policy provided "all states coverage."  And he adduces evidence sufficient to satisfy his summary judgment burden of establishing that AMS made such a representation and that the policy did not in fact cover all non-monopolistic states.

representations by entering into the "Agreements."[10]  He fails, however, to identify facts that support his reliance on either of the two statements in entering into the Agreements.[11]  For instance, he does not identify when Price or Polk made either representation or when the Agreements were entered into or renewed such that a reasonable trier of fact could infer reliance.  And he does not point to any evidence that he—as opposed to ACT—was injured as a result of the fact that ACT entered the Agreements believing the policy provided "all-states coverage."  Rather, Brandert directs the court to AMS's calculation of its damages in clearing its name and the attorney's fees it expended in underlying litigation.  D. Br. 7 (citing D. App. 21).  Evidence of AMS's injury is not evidence of Brandert's injury.

Accordingly, the court concludes that Brandert has failed to satisfy his burden of designating specific facts that would permit a reasonable trier of fact to find that he relied upon the false representations or that he suffered injury as a result.  "The

_____

[10]As do the parties, the court will refer to the two staff leasing agreements of 2000 and 2001 collectively as the "Agreements."  *AMS II*, 2006 WL 1096777, at *3 n.5.

[11]The court assumes that Brandert refers here to entering into the Agreements in his capacity as President of ACT.  Brandert was not personally a party to the Agreements.  *See AMS II*, 2006 WL 1096777, at *5; *AMS I*, 2005 WL 3148284, at *6.  Indeed, in *AMS I* he sought the shield of his status as a non-party in contending that, "because he was not a party to the Agreements, and because AMS acknowledges that it did not have a contract with him, the breach of contract cause of action concerns only ACT."  *AMS I*, 2005 WL 3148284, at *6.

- 8 -

summary judgment nonmovant's failure to adduce proof as to any essential element of his cause of action renders all other facts immaterial." *Edgar v. Gen. Elec. Co.*, 2002 WL 318331, at *4 (N.D. Tex. Feb. 27, 2002) (Fitzwater, J.) (citing *Celotex Corp.*, 477 U.S. at 323). Because Brandert cannot meet his burden as to two of the essential elements of this component of his fraud, AMS is entitled to summary judgment dismissing this component of the fraud counterclaim.[12]

### III

The court turns next to AMS's motion for leave to file an amended reply. AMS seeks to add a negative averment pursuant to Fed. R. Civ. P. 9(a) that "Brandert has no standing or capacity to bring a cause of action in his individual capacity because any claim for fraud is owned by, and belongs solely to the corporation." P. Mot. for Leave to File Am. Reply at 2. Brandert objects, except as to the amendments that AMS seeks to add to ¶¶ 6 and 26. Because the parties do not dispute the amendments to those two paragraphs, the court grants this aspect of AMS's motion for

---

[12]AMS also alleges that Brandert cannot adduce evidence supporting the remaining two components of his fraud counterclaim because he is prohibited from introducing evidence that should have been disclosed under Rule 26(a)(1) pursuant to the magistrate judge's September 30, 2004 order. *See AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, order at 2 (N.D. Tex. Sept. 30, 2004) (Stickney, J.). AMS also maintains that Brandert lacks standing individually to assert ACT's fraud "that belongs exclusively to ACT." Because the court concludes that AMS is entitled to summary judgment on other grounds, it need not reach these arguments.

leave to file an amended reply.   The court otherwise denies the
motion as moot because the court has determined on other grounds
that AMS is entitled to summary judgment dismissing Brandert's
fraud counterclaim.

                    *      *      *

     For the reasons set out, the court grants AMS's May 25, 2006
motion for summary judgment.   It grants in part and denies in part
as moot AMS's May 25, 2006 motion to file an amended reply to
defendants' counterclaims. As a result of the court's rulings in
*AMS I* and *AMS II* and today, the only part of this case that remains
to be tried is the remedial portion of AMS's breach of contract
claim against ACT.   The court will set the case for a trial docket
by separate order.

          **SO ORDERED.**

     August 10, 2006.


                         _____
                         SIDNEY A. FITZWATER
                         UNITED STATES DISTRICT JUDGE